PATRICK LEAHI *et al.*, Respondents, *v.* BRIDGET DUGDALE'S ADMINISTRATRIX, Appellant.

*Assignment—Notice.*—The debtor, in an account assigned, is entitled to credits for all payments properly made before notice of the assignment; the date of the notice fixes the liability.  (S. C. 27 Mo. 437.)

### Appeal from St. Louis Circuit Court.

This suit is the same as heretofore decided in this court, and reported in 27 Mo. 487.

Dugdale contracted with the Olive-street Plank Road Company to build certain sections of the work.   Dugdale afterwards by contract, under seal with M. O'Leary and J. B. Neenan, sub-let to them sections eighteen and nineteen, to be completed in conformity with his contract with the company.

O'Leary & Neenan in January A. D. 1855, assigned their contract with Dugdale to plaintiffs.   O'Leary was not present, nor was any testimony offered to show that he knew of it or acquiesced in it; defendant showed that, after its alleged execution, O'Leary, in ignorance of it, wrote to Dugdale directing a particular debt to be paid.

The work proceeded ; but was not completed in time pursuant to the contract, and a reclamation of damages was made by the company.   The consideration of this recoupment was excluded from the jury, because subsequent to the notice to Dugdale of the assignment of the contract by O'Leary & Neenan to plaintiffs.

At the trial the plaintiffs read in evidence the contract between Dugdale and the Plank Road Company—next that between Dugdale and O'Leary & Neenan.

In support of the assignment by O'Leary & Neenan to them, plaintiffs called Wm. C. Jamison, who testified that he had drawn up the assignment; that it was executed by J. B. Neenan, (the other partner not being present at the time,) and no authority was shown for Neenan to sign his co-partner O'Leary's name.

Plaintiffs thereupon read the assignment, dated January 19, 1855, to the jury. It was thus signed: "by James B. Neenan [seal], Michael O'Leary [seal], James B. Neenan [seal]."

Defendant objected to its being read upon the ground that there was no proof of its execution by O'Leary, but the objection was overruled.

No other proof of notice to Dugdale of the assignment was given than by McCartney, one of plaintiffs' witnesses. He recites a conversation wherein one of the plaintiffs called for the estimates, and Dugdale flatly refused to recognize them or any one but the original parties, and that if plaintiffs proceeded with the work, it would be at their peril.

Plaintiffs offered proof of the quantity of work done, and of the payments made for it to Dugdale by the company. Defendant offered evidence of payments to different persons on debts of O'Leary & Neenan, many of them on garnishments issued on judgments against O'Leary & Neenan, some of these payments were before others after the assignment of the contract to plaintiffs.

The plaintiffs objected to any evidence of payments made after the date of the assignment, which objection was sustained by the court; whereupon defendant excepted and withdrew all evidence of any payments subsequent to the date of the assignment.

*A. J. P. Garesché*, for appellant.

*T. G. C. Davis*, for respondents.

Bates, Judge, delivered the opinion of the court.

When this case was formerly in this court, (27 Mo. 437,) it was decided that the contract in question could be assigned to the plaintiffs, and that Dugdale was liable to them for all the money due them, which he paid out after notice of the assignment.

The case having been tried again, there was a verdict and judgment for the plaintiffs, and the defendant brings the case up by appeal.

Speers v. Black.

The bill of exceptions shows that during the trial the defendant offered various receipts and other papers for moneys paid by Dugdale to various parties as creditors of O'Leary and J. B. Neenan, some of which appeared to have been paid before and some after the assignment of O'Leary and Neenan's contract to the plaintiffs. The plaintiffs objected to the introduction of any evidence going to show that payments had been made after the date of the assignment, which objection the court sustained.

The court erred in sustaining the objection. The date of the assignment had nothing to do with the matter. The defendant was entitled to credit for payments properly made, even after the assignment, if they were made before the date of the notice to the defendant of the assignment. It was the date of the notice, and not the date of the assignment, which was of importance.

No exception was taken to the instructions given. The first instruction refused the defendant was properly refused. Notice was not necessary to make the defendant liable on the contract. It was only necessary in order to deprive the defendant of right to credits for payments made.

The other instructions refused are not considered because the assignment of the contract is not in the record.

Judgment reversed and cause remanded. Judges Bay and Dryden concur.