TURNER *et al.* v. LORD, *Appellant.*

| | |
|---|---|
| 92 | 113 |
| 94a | ²212 |
| 92 | 113 |
| 96a | ² 91 |

1. **Evidence :** BURDEN OF PROOF. The burden is on the party relying on an instrument executed by an agent to show the agent's authority.

2. **Practice :** NON-JOINDER OF ONE AS PARTY PLAINTIFF, OBJECTION TO. The objection of non-joinder of one as a party plaintiff must be raised by the pleadings.

3. **Bond to Convey Land :** MEASURE OF DAMAGES. The measure of damages in an action for a breach of a bond to convey land is the same as that for the breach of the contract agreed to be performed and set out, as the condition upon the performance of which the bond is to be void.

4. ——: ——. The recovery in such a case cannot exceed the penalty of the bond.

*Appeal from Greene Circuit Court.*—HON. W. F. GEIGER, Judge.

AFFIRMED.

*F. H. Sheppard* and *F. S. Heffernan* for appellant.

(1) Plaintiff Turner cannot recover because his demand is stale. Plaintiff Howell took his assignment of a half interest subject to all equities urgeable against Turner. The full period of the statute of limitations is not required by a court of equity to bar a stale demand where the circumstances have changed. 1 Story's Eq. Jur. [11 Ed.] secs. 64, 771, 1520; *Moreman v. Talbott*, 55 Mo. 397 ; *Bradshaw v. Yates*, 67 Mo. 232; *Bliss v. Prichard*, 67 Mo. 181; *Kelly v. Hart*, 61 Mo. 466 ; s. o.,74 Mo. 572. (2) Splitting up a cause of action is not permitted without the debtor's consent, either in law or equity. *Love v. Fairfield*, 13 Mo. 300 ; *Cable v. Dock Co.*, 21 Mo. 133 ; *Burnett v. Crandall*, 63 Mo. 413. (3) An assignment of a patent right, purporting to be made by an agent, requires proof of the agent's authority before it can be admitted in evidence. *Stone v. Palmer*, 28 Mo. 542 ; *Carpenter v. Inhabitants of Lathrop*, 51 Mo. 484 ; *Slevin v. Reppy*, 46 Mo. 606. Agency cannot be proved by the unsworn declaration of the pretended agent. *Craighead v. Wells*, 21 Mo. 404 ; *Beardslee v. Steinmesch*, 38 Mo. 168 ; *Sumner v. Saunders*, 51 Mo. 89 ; *Robinson v. Walton*, 58 Mo. 380; *Peck v. Ritchey*, 66 Mo. 114. (4) The plaintiff's actual loss is all that is recoverable on a penal bond. Judgment always goes for the full penalty of the bond, but should proceed to limit the amount for which execution may issue to the actual damage proved. Sedgwick Dam. [ 6 Ed.] 387, 397 ; *State v. Ruggles*, 20 Mo. 99 ; *State v. Cooper*, 79 Mo. 464. Judgment for interest on the penal sum is erroneous. *Farrar v. Christy*, 24 Mo. 453 ; *State v. Sandusky*, 46 Mo. 377.

*C. V. Buckley* for respondents.

(1) The evidence shows that all the delay was occasioned by the appellant. (2) The assignment to H. E. Howell appeared on the face of respondents' petition and the objection, made because of said assignment, not having been taken by demurrer, was waived. R. S., secs. 3515, 3519 ; *Ames v. Gilmore*, 59 Mo. 542 ; *Kellogg v. Malin*, 62 Mo. 431 ; *Pettingill v. Jones*, 21 Mo. 211. (3) The objection that there was no proof of Turner's authority to transfer the patent was not well taken. No such issue is made by the pleadings, and the evidence as to the patent and assignment was introduced by the appellant and not by the respondents. (4) The point that interest was not recoverable and that the recovery could not exceed the penalty applies only to official bonds. *State v. Sandusky*, 46 Mo. 381. Besides, if the respondent is not entitled to recover the interest, it can be deducted and judgment can go for the two hundred dollars.

SHERWOOD, J.—This is a suit for damages for breach of a bond, whereby the defendant acknowledged himself indebted to the plaintiff, Turner, in the sum of two hundred dollars, conditioned as follows :

"The condition of the above obligation is such that if the above bound *Isaac L. Lord*, his heirs or legal representatives shall and do upon

(Here are six blank lines in the original instrument).

"make, execute and deliver, or cause to be made, executed and delivered, unto said *H. O. Turner*, his heirs and assigns, a good and sufficient deed of general warranty, such as will be sufficient to convey, assure and confirm, unto the said *H. O. Turner*, his heirs or assigns, a good and indefeasible estate in fee-simple,

clear of all encumbrances *except taxes* of and in the following described real estate, to-wit:" etc.

It is alleged, and the proof shows, that Turner assigned to the other plaintiff, H. E. Howell, a one-half interest in the bond and property. The answer states that defendant executed the bond upon the condition that Turner would, within a reasonable time, make to plaintiff a valid assignment of the sole right of one Patton to manufacture and sell a patent churn in certain counties; that this agreed condition was to have been inserted in the bond as the consideration thereof, but was omitted by mistake; that Turner never performed the condition, but on the seventh of August, 1883, sent to defendant a pretended assignment of the patent which he refused to accept, and that the delay was owing to the laches and neglect of Turner. Prayer for reformation of the bond and that it be declared void.

There is no evidence that the alleged agreement was to be inserted in the bond, or that the bond was to be written out otherwise than it appears. It is, therefore, a bond in a penal sum for the conveyance of real estate. The answer seems to have been treated also as a plea of an entire failure of consideration; and upon that issue the proof is, that at the date of the bond, Turner sold to defendant the patent, and then, by agreement of the parties, deposited with Robert Howell an assignment of the patent to be delivered to defendant as soon as he should execute the deed to Turner. Defendant then only had a mortgage upon the lot, and was to foreclose, get the title, make the deed, and take up the assignment. Thus matters stood until 1883, when defendant promised to execute the deed, but, on reflection, declined so to do, and hence this suit.

I. It is certain that this suit is not barred by any statute of limitations, and even if the doctrine of laches could have any application, none is shown. It devolved upon the defendant to make the deed before he

could complain of delay. The delay was his own, not that of the plaintiffs.

II. The defendant produced in evidence the assignment, which appears to have been executed by Patton—by his attorney in fact, H. O. Turner ; and it is contended the assignment is worthless for want of authority in Turner. It is no doubt true, as decided in *Stone v. Palmer*, 28 Mo. 539, that where a party relies upon an instrument, purporting to have been executed by an agent, he must prove the agent's authority. But the plaintiff here did not produce the assignment. It was not necessary for him to do so. He declared upon a bond, the production of which and proof of a failure on the part of the defendant to make the deed, made out a *prima facie* case. The defendant did not even show that the assignment was not accompanied with a power of attorney ; nor did he offer any evidence tending to show a want of authority. The burden of proof in this behalf was upon him.

III. The proposition that a debt or demand for damages cannot be split up, and suit maintained by the assignee of a part only, is well settled. *Burnett v. Crandall*, 63 Mo. 410 ; *Loomis v. Robinson*, 76 Mo. 488. It is otherwise where the debtor consents to the partial assignment. *Fourth Nat'l Bank v. Noonan*, 88 Mo. 372. But these principles can have no application to this case, for here the suit is for the whole demand. If the point sought to be made is, that Howell should not have been a party plaintiff, then the answer is that no such question is made by the pleadings, and it is not before us for consideration.

IV. The judgment in this case was for $208.66, and it is contended the judgment is excessive because it exceeds the penalty of the bond. This is a bond, not for the payment of a certain sum of money, but for the performance of certain conditions, *i. e.*, the conveyance of the land. The measure of damages in such cases is

the same as the measure of damages for the breach of the contract agreed to be performed, and set out as the condition, upon the performance of which the bond is to be void. *Hirth v. Hahn*, 61 Mo. 496 ; *Kansas City Hotel Co. v. Sauer*, 65 Mo. 280 ; Sedg. on Meas. of Dam. [6 Ed.] 487. But it was said in *State ex rel. v. Sandusky*, · 46 Mo. 377, the general principle is, that in actions upon penal bonds, with collateral conditions, the plaintiff can never recover more in the shape of damages than the penalty. And in *Farrar v. Christy, Adm'r*, 24 Mo. 453–474, it was held that in these penal bonds the recovery would be limited to the penalty. It appears to be conceded that this is true in respect of official bonds, but we do not see that that can make any difference. In the case last cited the bond was not an official one.

Other questions are presented in brief filed for appellant, but we do not regard any of them as well taken. As the respondents offer to remit the $8.66, they will be allowed to do so, and the judgment will be affirmed for two hundred dollars. The costs in this court will be taxed to respondents. All concur.