Reed v. Foote.

SYLVESTER H. REED, Respondent, v. CLARKSON H. FOOTE, Appellant.

Kansas City Court of Appeals, May 20, 1889.

1. **Money Had and Received:** UNACCEPTED ORDER TO PAY TO THIRD PARTY NO DEFENSE. In an action for money had and received by defendant to plaintiff's use, defendant can not reduce the amount of the recovery by showing a verbal order of plaintiff's to defendant to pay the part of the money so received to a third party, when defendant refused to accept such order or to make such payment and retained the money, and plaintiff may maintain an action for the entire fund.

2. —— : EFFECT OF PAYMENT. While defendant had a right to refuse to pay out said fund in parcels and such third party could maintain no action against him for a part thereof on plaintiff's verbal request, yet had defendant in compliance with such request made such payment it would have constituted a valid defense *pro tanto*.

3. —— : —— : INSTRUCTIONS. Instructions for plaintiff in such case, set out in the opinion, are examined and approved.

*Appeal from the Buchanan Circuit Court.*—HON. O. M. SPENCER, Judge.

AFFIRMED.

*H. K. White*, for the appellant.

(1) This action was for money had and received. Plaintiff's own evidence shows credits voluntarily given by him to defendant, which credit is confirmed by the amount sued for in the petition, and this entitled defendant to the credit asked for in his second instruction, which was refused by the court. *Shirts v. Overjohn*, 60 Mo. 605. (2) Credits voluntarily given in a suit are binding on the parties. *Denny v. Eckelkamp*, 30 Mo. 140 ; *Phillips v. Fitzpatrick*, 34 Mo. 276.

*Casteel & Haynes*, for the respondent.

(1) We contend that the instructions of which defendant complains, given on behalf of the plaintiff, were proper under the evidence, and that it was the jury's province to pass upon the weight of the evidence. *McFarland v. Bellows*, 44 Mo. 383 ; *Bowen v. Lazalere*, 49 Mo. 311 ; *Beauchamp v. Higgins*, 18 Mo. App. 497. (2) That the court properly refused to give instructions numbers 1 and 2 asked by the defendant.

SMITH, P. J.—This was an action brought in the circuit court of Buchanan county, wherein it was alleged by the plaintiff in his petition that the defendant had received of one Wilson $217.50 to the use of

the plaintiff and which he had refused to pay after demand had been made therefor by plaintiff. The answer denied generally the allegations of the petition with which was coupled the special matter of defense "that the moneys claimed by plaintiff in his petition as having been received by defendant for his use were paid by defendant to said Wilson before the institution of this suit or the demand upon the defendant therefor."

The replication was a general denial.

There was a trial by jury.

The plaintiff to maintain the issue on his part testified that he placed in the hands of Wilson, who was son-in-law of the defendant, two collections—one for the purchase price of certain real estate and the other a note endorsed by him for collection in which he supposed he had an interest amounting to one hundred and five dollars, which amounts he instructed Wilson to collect and deposit in bank to his credit; that Wilson did collect on account of said real estate seven hundred and twenty dollars and also the amount of the note and that he paid plaintiff's wife five hundred dollars and the person owing the quarter portion of said note the amount of it due to him, leaving in his hands unaccounted for the sum of three hundred and twenty-five dollars which he did not deposit in bank to plaintiff's credit as instructed but placed the same in the hands of defendant; that the plaintiff learning this fact went to defendant and demanded the said sum by him received which he, defendant, refused to pay; that the defendant admitted to plaintiff that he had received the said sum of money from his son-in-law and stated that he was holding the same to await the termination of differences between plaintiff and defendant's son-in-law; that defendant further admitted that he knew said money so received by him belonged to plaintiff.

The defendant, in his own behalf, testified that he had received of Wilson a check for one hundred and

eighty dollars, and that he had never admitted to the plaintiff the receipt of a greater sum ; that before the demand of the plaintiff he had returned to Wilson a portion of the money ; that since the commencement of this suit, one Hall demanded of him one hundred and five dollars, which he had refused to pay. This was, in substance, all the evidence.

The court, for the plaintiff, gave this instruction :

" The court instructs the jury that, if they believe, from the evidence in this case, that the plaintiff, some time in Aprll, 1887, authorized one Clarence L. Wilson to receive and collect for him certain sums of money, and that said Wilson did so receive said money and deposit it, or any part thereof, with defendant Foote and that plaintiff demanded of defendant the money so deposited by Wilson, then the plaintiff is entitled to recover the amount so deposited, not to exceed $217.50, unless the jury further find that defendant had paid back to said Wilson said sum of money so deposited before demand was made of him by plaintiff, and the burden of proving said last fact is on the defendant. If the jury find for plaintiff they will assess his damages at whatever amount of money they believe, from the evidence, that Wilson paid Foote belonging to Reed, not to exceed the sum of $217.50, together with interest from the date of demand up to this time, at the rate of six per cent. per annum."

The defendant asked the court to give these instructions :

" 1.  That the jury, if it finds for the plaintiff, will deduct from the amount which they may find, from the evidence, defendant received from Wilson for the use of plaintiff, the sum of one hundred and five dollars.

" 2.  The jury will deduct from any sum which they may find, from the evidence, was received from Wilson for the use of said Reed, and any sum which was paid therefrom by defendant to Wilson, before demand thereof.

"3. The jury are not allowed to find in favor of the plaintiff in this cause merely because Wilson is indebted to plaintiff, Reed, for failure to pay over part of the collections made, as shown in the evidence, and because said Wilson may have paid moneys to defendant, Foote, after said indebtedness accrued, but the jury must believe, from the evidence, that the moneys paid by Wilson to Foote are part of the moneys received by him belonging to Reed, or paid to defendant Foote, for the use of plaintiff, Reed."

The court gave the second and third of the said instructions, so asked by defendant, and refused the first.

The verdict was for plaintiff for one hundred and eighty dollars, and after an unsuccessful motion to set aside the same, judgment was rendered thereon, to reverse which the defendant brings the case here by appeal.

I. The sole ground of the defendant's appeal is, that the circuit court erred in giving the instruction asked by plaintiff, and in refusing the first, asked by the defendant.

We do not think this ground of error can be sustained.

The plaintiff's instruction, under the pleadings and evidence, fairly and properly submitted to the considerate determination of the jury the issues of fact in the case.

No specific objection to this instruction, except that it is in conflict with the first instruction asked by defendant, has been brought to our attention by defendant.

The said refused instruction directed the jury to deduct from the amount which they might find, from the evidence, defendant had received of Wilson the sum of one hundred and five dollars. This was erroneous. The uncontradicted evidence was that the defendant

had not paid said sum back to Wilson and that he had refused to pay the same either to Hall or the plaintiff. No action could have been maintained by Hall against defendant for the said amount on the verbal request of plaintiff to defendant to pay him the same. This assignment of a part of the fund was unaccepted by defendant. The defendant had the right to refuse to pay out the said fund in his hands in fractions or parcels. He might, however, have waived this right by paying a part thereof to Hall, as requested by the plaintiff, which payment would have constituted a valid defense to plaintiff's claim for that amount. *Rice v. Dudley*, 34 Mo. App. 338; *Bank v. Noonan*, 88 Mo. 372. In this view of the case the action was properly brought by the plaintiff for the entire fund in the hands of the defendant. The answer was in the nature of a negative pregnant, but as no objection was taken to it on that account, we will pass that matter by without further notice.

There was nothing in the answer or the evidence upon which to base the defendant's said first instruction. It seems to us that the record is barren of any error prejudicial to the defendant. The verdict was for the right party, and the judgment, with the concurrence of the other judges, is affirmed.