LEE M. PETTIT, Appellant, v. AMERICAN CENTRAL
INSURANCE COMPANY, Respondent.

St. Louis Court of Appeals, February 23, 1897.

Insurance, Fire: TWO OR MORE CLAIMS UNDER SAME POLICY: SINGLE
DEMAND: SPLITTING CAUSE OF ACTION. Two or more claims already
due under the same contract or policy of insurance, constitute a
single demand, which can not be split without the consent of the
obligor or insurer

*Appeal from the Wayne Circuit Court.*—HON. JAMES
F. GREEN, Judge.

AFFIRMED.

*Louis F. Dinning* for appellant.

Where an application is made "for distinct and
separate insurance, part on real estate, and part on
personal property, the applicant can require two
separate policies." The fact that "they are included
in one policy does not merge them into one. If the
goods alone be destroyed, the terms of the policy
applying to them alone can be made the basis of
recovery." *Trabue v. Ins. Co.*, 121 Mo. *loc cit.* 84;
*Insurance Co. v. Lawrence*, 4 Metc. (Ky.) 9. In the
last case the assured admitted the contract for the
house could not be enforced, and brought suit for the
personal property alone, and recovered. *Clark v. Ins.
Co.*, 6 Cush. 342; *Diedricks v. Ins. Co.*, 10 Johns. 233;
*Trench v. Ins. Co.*, 7 Hill, 122; *Insurance Co. v.
Schnek*, 22 Neb. 527; *Merrill v. Ins. Co.*, 73 N. Y.
452; *Perkins v. Hart*, 11 Wheat. 237; *Rodemer v.
Hazlehurst*, 9 Gill, 294; *Coleman v. Ins. Co.*, 49 Ohio,
310; *Schuster v. Ins. Co.*, 102 N. Y. 260; *Pratt v. Ins.*

*Co.*, 130 *Id.* 206; *Phillips v. Ins. Co.*, 46 Upper Case, 334; *Insurance Co. v. Spanknible*, 52 Ill. 53; *Rogers v. Ins. Co.*, 121 Ind. 570; *Insurance Co. v. Fairbank*, 32 Neb. (Camp.) 750; *Clark v. Ins. Co.*, 38 Mo. App. 582; *Stephens v. Ins. Co.*, 61 *Id.* 194; *Murphy v. Ins. Co.*, *Id.* 323.

There being two contracts of insurance, the appellant by including in his petition the personal property, and, at the trial, before judgment, dismissing as to it, stands in the same attitude as if he had brought suit for the house alone, and then brought this action. The first action and judgment does not, therefore, bar a recovery in this case. *Phillips v. Berick*, 16 Johns. *loc cit.* 140.

*Fyke, Yates & Fyke* for respondent.

The destruction of the dwelling house and furniture, for which plaintiff first sued, constituted one cause of action against defendant, and he could not split that cause of action so as to maintain two suits therefor. *Trask v. R. R. Co.*, 2 Allen, 331; *Goodrich v. Yale*, 8 *Id.* 454; *Id.*, 97 Mass. 115; *Church v. Brown*, 54 Barb. 191; *Bendernagle v. Cocks*, 19 Wend. 207, 213; *Burritt v. Belfy*, 47 Conn. 323; *Casselberry v. Forgner*, 27 Ill. 170; *Rosenmueller v. Lampe*, 89 *Id.* 212; *Goodrich v. Chicago*, 5 Wall. 574; *Cunningham v. Harris*, 5 Cal. 81; *Herriter v. Porter*, 23 *Id.* 385; *Lee. v. Kennely*, 42 N. J. Law, 543; Frem. on Judg. [3 Ed.], p. 257, sec. 240; 1 Am. and Eng. Ency. Law, 184 *c*; *Ruddle v. Horine*, 34 Mo. App. 616; *Funk v. Funk*, 35 *Id.* 246; *Green v. Von der Ahe*, 36 *Id.* 394; *Steiglider v. R. R.*, 38 *Id.* 511; *Laine v. Francis*, 15 *Id.* 107; *Koenig v. Morrison*, 44 *Id.* 411; *Skein v. Springfield Eng. & T. Co.*, 42 *Id.* 158; *Flaherty v. Taylor*, 35 *Id.* 447; *Railroad v. Traube*, 59 *Id.* 355; *Hotel Co. v.*

*Sigemant*, .53 *Id.* 176; *Hoffman v. Hoffman*, 126 *Id.* 496, 497.

After the cause was finally submitted to the court, it was too late for plaintiff to take a nonsuit or dismiss his action, or any part of it. R. S. 1889, sec. 2084, p. 547.

BIGGS, J.—On the fourteenth day of September, 1894, the defendant issued its policy of insurance, whereby it insured the plaintiff against loss or damage by fire to the amount of $1,500 on his dwelling house, $1,000 on his household furniture, $350 on the barn, chicken house and storeroom, situated on the premises; and also $150 on the vehicles and robes contained in the last described buildings. On the fifteenth day of January, 1895, the dwelling house and all of the household furniture were burned. At the August term, 1895, of the Wayne county circuit court an action was brought by plaintiff to recover the total amount of insurance on the house and furniture, to wit, $2,500. The action was defended on the ground that the plaintiff had failed to comply with certain conditions in the policy. The case was tried before the court without a jury, and before the judgment was pronounced but after the submission of the cause, the plaintiff voluntarily dismissed the action as to the personal property. The court rendered a judgment for the amount of the insurance on the house, which judgment the defendant subsequently paid. Afterwards, to wit, on the fourth day of September, 1895, the remainder of the property insured was also destroyed by fire. The present action was brought to the February term, 1896, of the same court. The petition contains two counts. In the first the plaintiff seeks to recover for the value of the household goods which were burned by the first fire, and in the second for the value of the property

destroyed by the last fire. In addition to a general denial and a failure on the part of the plaintiff to comply with certain conditions in the policy, the defendant pleaded the order of dismissal in the former action in bar of the action as to the household goods. The case was submitted to the court, and at the conclusion of the evidence the court instructed that under the law and evidence there could·be no recovery on the first count. As to the second count the finding and judgment were for the plaintiff. The plaintiff appealed from the judgment against him on the first count.

The policy contains four distinct engagements or covenants on the part of the defendant,—that is, it agreed to insure plaintiff against loss by fire to his dwelling house, his household goods, his barn and storeroom, and his vehicles and robes. The law as to such contracts is, that upon the occurrence of a single breach, the promisee may sue. But if he should wait until the happening of another breach, he must sue in one action for the entire amount then due under the contract. If he fails in this his recovery for a portion only will bar a subsequent action for the remainder, and this is upon the principle that two or more claims already due under the *same contract* are deemed a single demand, which can not be split without the consent of the obligor. *Union R. R. Co. v. Traube*, 59 Mo. *loc cit.* 363; *Reform Dutch Church v. Brown*, 54 Barb. 191; *Bendernagle v. Cocks*, 19 Wend. 207; *Secor v. Sturges*, 16 N. Y. 548. 1 Ency. of Pleadings and Practice, p. 153; Freeman on Judgments, section 240. In the case at bar the burning of the house and the furniture occurred at the same time, and under the foregoing authorities the plaintiff's claim therefor under the policy constituted but a single demand. It follows that the plaintiff by electing to

*Two or more claims under same policy: single demand: splitting cause of action.*

dismiss as to the loss on the furniture and to sue only for the insurance on the house, split his cause of action, and by reason of it he is now estopped to prose-- cute this action for the recovery of the omitted portion. Therefore we conclude that the instruction of the court as to the first count was correct.

The principle stated in *Phillips v. Berick*, 16 John. 140, and upon which the plaintiff relies, applies only to causes of action arising out of *separate and distinct agreements*, and not to separate breaches of the same agreement. Neither does the case of *Trabeau v. Ins. Co.*, 121 Mo. 75, declare a doctrine different from that of the cases herein cited. In that case the policy covered the dwelling house and its contents, consisting of household goods, etc. The point of decision was that the contract was severable to the extent of per- mitting a recovery as to the personalty, although there could be no recovery as to the house by reason of the violation of certain conditions in the policy.

The judgment of the circuit court will be affirmed. All the judges concur.