MUTUAL BENEFIT INSURANCE COMPANY, Respondent, v. JENNIE G. BROWN et al., Appellants.

Kansas City Court of Appeals, May 8, 1899.

1. **Bonds**: PLEADING: ASSIGNMENT OF BREACHES: JUDGMENT: EXECUTION. A petition on a penal bond should assign the specific breaches for which the action is brought, and judgment should be for the full penalty with execution for damages.

2. ———: REDEEMING LAND AT TRUSTEE'S SALE: PLEADING: INTEREST. A bond given under section 79, Revised Statutes 1889, conditioned to be void upon payment of interest to accrue on a debt, etc., is a bond for the payment of money and·excepted by section 866 from the rule of pleading relating to the assignment of specific breaches, and a judgment may be for the money agreed to be paid with interest from default in payment thereof.

*Appeal from the Jackson Circuit Court.*—HON J. H. SLOVER, Judge.

AFFIRMED.

WILLIAM J. HOLLIS and WILLIAM J. SCOTT for appellants,

(1)   The bond sued on in this case comes under the classification under section 866, Revised Statutes of 1889, and therefore the petition was insufficient in failing to assign the breaches and pray for judgment for the penalty of the bond, and the court erred in instructing the jury and entering judgment for a greater amount than the penalty of the bond. Showles v. Freeman, 81 Mo. 540; Farrar v. Christy's Adm'r, 24 Mo. 453; State v. Sandusky, 46 Mo. 377; Turner v. Lord, 92 Mo. 113.   The bond herein does not come under section 862, Revised Statutes, because there is no "condition or defeasance by which the same is to become void by the payment of a less sum."   Turner v. Lord, 92 Mo. 117; Express Co. v. Moeller, 85 Mo. 208; McCord v. Railroad, 21 Mo. App. 95; Dunn v. Railroad, 21 Mo. App. 205.   (2)   The judgment, when case is proven, should be for the penalty of the bond with execution for the amount of damages proven.   Otherwise the judgment will be reversed.   State v. Fitzpatrick, 64 Mo. 185; State ex rel. v. Cooper, 79 Mo. 464; State ex rel. v. Frank, 22 Mo. App. 46; State ex rel. v. Ruggles, 20 Mo. 100; Farrar v. Christy's Adm'r, 24 Mo. 453; Turner v. Lord, 92 Mo. 117.

BEARDSLEY & GREGORY for respondent.

At the time of the filing of the petition the whole of the $1,500 was due because the interest was greater than the amount of the bond, and being a sum then due, plaintiff was entitled under the statute to interest from that date at six per cent. R. S. 1889, sec. 5972. And the judgment was properly rendered under section 865 for the sum really due, with interest and costs.

ELLISON, J.—This is an action on a bond for $1,500. The judgment was for plaintiff.

It appears that Erasnus D. Browne in his lifetime together with Jennie G. Browne who is now administratrix of his estate executed a note for $24,000 with interest to the Mutual Benefit Life Insurance Company. And to secure the same they executed a deed of trust on certain real estate. That afterwards the trustee in said deed of trust sold the real estate therein described and defendant Jennie G. Browne elected to undertake to redeem said property within one year as is provided by sections 7079, 7080, Revised Statutes 1889; and to that end she, in connection with the other defendants as sureties, executed the bond in suit agreeing to pay $1,500 to the insurance company; conditioned to be void upon payment of interest to accrue on said debt and all damages and waste done to or upon the premises.

The interest was not paid and this suit was instituted in which the petition declares on the facts. But it fails to assign breaches and to ask judgment for the penalty of the bond; and it is upon this failure that defendants base their principal point.

It is a rule of law that in penal bonds the petition should assign the specific breaches for which the action is brought; section 866, Revised Statutes 1889; and that the judgment should be for the full penalty of the bond with execution for the damages

BONDS: pleading: assignment of breaches: judgment: execution.

assessed in no case to exceed the penalty. Sec. 869; Showles. v. Freeman, 81 Mo. 540; Farrar v. Christy, 24 Mo. 474; State ex rel. v. Sandusky, 46 Mo. 377.

But is the action here of this nature? The statute, section 866, is as follows: "When an action shall be prosecuted in any court upon any bond for the breach of any condition other than the payment of money, or shall be prosecuted for any penal sum for the nonperformance of any covenant or written agreement, the plaintiff, in his petition, shall assign the specific breaches for which the action is brought." It will be noticed that breaches are to be assigned for the breach of any condition other than the payment of money. If the action is for the breach of a condition to pay a sum of money, there need be no other allegation in this respect than that the money was not paid. And there need not be a judgment rendered for the full penalty of the bond, as such, and an execution for the damages assessed, as provided by section 869. For in such case there is a direct promise to pay a specific sum of money and there is no necessity for an inquiry of damages.

*——: redeeming land at trustee's sale: pleading: interest.*

In this case the bond is for two purposes and on two conditions. One the payment of money as interest; and the other to pay all damages by way of waste, etc. The latter is not declared upon; no breach of that condition is alleged and no damages asked on account thereof. Therefore the fact that the bond contains a condition, or agreement not to commit waste, and the sum of $1,500 may in that respect be considered a penal sum, yet the breach here complained of is for the "nonpayment of money," as before explained. We think, therefore, the trial court took the correct view of the case in the respect which we have discussed as well as in the following.

The judgment was not only for the amount of the interest secured by the bond (which at least equalled the penalty of the bond) but for six per cent on that sum after the interest became due and was not paid. Under the peculiar provisions of

the bond we think this was proper. For while no more than the penalty of a bond can be recovered from the surety, yet we regard this bond as out of the ordinary. It is apparent that its object is to secure the payment of the interest which would accrue on the note secured by the deed of trust. It states specifically, that the object is to make provision as authorized by statute for the redemption of property sold under the deed of trust, and we think it was giving it a proper construction to add six per cent to that sum after it was due. Sec. 5972.

It would perhaps have simplified matters if a simple agreement had been taken to pay the interest and also all damages and thus have avoided the complications of a formal bond with penal and nonpenal conditions. But we believe we have given and that the trial court gave the proper construction to it as it was intended and understood by the parties.

The judgment is affirmed. All concur.