GEORGE W. GORDON, Respondent, v. JEFFERSON CITY, Appellant.

Kansas City Court of Appeals, February 27, 1905.

1. **MUNICIPAL CORPORATIONS: Assignment of Contract.** Claims arising out of contracts against a municipality are transferable by assignment unless there be some statute or ordinance forbidding it.

2. ———: ———: **Splitting Demands: Consent: Petition.** One cannot lawfully split his demands against a city by assigning portions thereof to different individuals unless the municipality consent thereto, and such consent is sufficiently alleged in the petition under consideration, and the same states a good cause of action.

Appeal from Cole Circuit Court.—*Hon. James E. Hazell,* Judge.

AFFIRMED.

*James H. Lay* and *W. S. Pope* for appellant.

(1) Appellant's demurrer to plaintiff's petition should have been sustained, and in support thereof the following authorities are cited: Laws 1893, sec. 108, p. 90, now sec. 5858, R. S. 1899; Laws 1893, sec. 31, p. 71, now sec. 5781, R. S. 1899; R. S. 1889, sec. 3157, now sec. 6759, R. S. 1899; Dillon's Municipal Corporations (1 Ed.), ch. 14, secs. 383-84, pp. 377-78; Schell City v. Rumsey, 39 Mo. App. 264; Mister v. Kansas City, 18 Mo. App. 217; Maudlin v. Trenton, 67 Mo. App. 452; Kolkmeyer v. Jefferson City, 75 Mo. App. 678; Mfg. Co. v. Schell City, 21 Mo. App. 175; Crutchfield v. Warrensburg, 30 Mo. App. 456; Cheney v. Brookfield, 60 Mo. 53; Saxton v. St. Joseph, 60 Mo. 153; Thomson v. Boonville, 61 Mo. 282; Keating v. Kansas City, 84 Mo. 415; Alton v. Mulledy, 21 Ill. 76; City v. Eddy, 123 Mo. 557. (2) City attorney and other city officials are created by statute, and can act only when authorized by law. St. Joseph v. Harris, 59 Mo. App. 122; Thusch v. Cameron, 21 Mo. App. 394; Leach v. Cargill, 60 Mo. 316; Dillon, Municipal Corporations (1 Ed.), ch. 14, secs. 371-72; pp. 365-6-7-8. (3) A creditor can not split up his demand without the debtor's consent. Morrison v. de Donato, 76 Mo. App. 643; Bank v. Tracey, 141 Mo. 252; Bank v. Noonan, 88 Mo. 372; Kavanaugh v. Shaughnessy, 41 Mo. App. 657; Gerhart v. Fout, 67 Mo. App. 423.

*A. T. Dumm* for respondent.

(1) The claims sued upon in this case, being orders for, or assignments of, a definite portion of a

debt or chose in action, and being payable out of a named and definite fund, are valid equitable assignments, *pro tanto,* which a court of equity will recognize and enforce. 2 Am. & Eng. Ency. Law (2 Ed.), p. 1059, 1060, 1070; Brick Co. v. Saville, 1 Mo. App. 96; Smith v. Sterritt, 24 Mo. 260; 3 Pomeroy's Eq. Jur., secs. 1280, 1283; Warren v. Bank, 149 Ill. 9, 25 L. R. A. 746; Bispham's Prin. of Eq. (6 Ed.), sec. 167; Bissell v. Hill, 10 Mo. App. 593; Walker v. Mauro, 18 Mo. 564; Luthy v. Woods, 6 Mo. App. 67; Boyer v. Hamilton, 21 Mo. App. 520; Sanguinett v. Webster, 153 Mo. 370; Macklin v. Kinealy, 141 Mo. 122; Dickerson v. Spokane, 26 Wash. 292; Christmas v. Russell, 14 Wall. (U. S.) 84; Field v. Mayor, 2 Seld. 179; Iron Co. v. Philadelphia, 2 Weekly Notes of Cases, 596; Philadelphia v. Lockhardt, 73 Pa. St. 216; Hall v. Buffalo, 6 Abb. App. Dec. (N. Y. ) 301; Lett v. Morris, 4 Simons 607. (2) Defendant city, by recognizing and paying the partial assignment to Michael Handly—given by the same contractor, under the same contract—acquiesced in the splitting of the demand. It can not now take advantage of its own act by urging the splitting of the demand as a defense for its refusal to pay plaintiff's claims. It has waived its right to insist upon this privilege, and is equitably estopped from making this defense. Bank v. Noonan, 14 Mo. App. 246, 88 Mo. 377; Turner v. Lord, 92 Mo. 117; County v. Bryson, 27 Mo. App. 350; Reed v. Foote, 36 Mo. App. 475; Kavanaugh v. Shaughnessy, 41 Mo. App. 662; Gerhart v. Fout, 67 Mo. App. 426; Love v. Fairfield, 13 Mo. 305; Little v. Portland, 26 Oregon 235. (3) An examination of the authorities and sections of the statutes cited under appellant's points I and II will show that they are not in point.

BROADDUS, P. J.—The following is substantially a correct statement of the case made by respondent:

That defendant city during all the times mentioned in the petition was a duly organized and existing city of the third class; that on or about September 12, 1898, defendant city, through its proper officers, entered into a contract with one August Weiss for the construction of a retaining wall on Water street in said city at an estimated cost of about $500; that thereupon Weiss, the contractor, entered upon the construction of the wall, but becoming unable to pay for labor and materials furnished him, he applied to plaintiff for loans and advancements to enable him to pay for said labor and materials; that plaintiff made such loans and advancements, amounting on November 4, 1898, to the sum of $200; that on said last-named date, to-wit, November 4, 1898, Weiss, the contractor, in consideration of the loans and advancements theretofore made to him by plaintiff, made an assignment to plaintiff of $200 of his (Weiss's) claim and account against defendant city for the construction of the retaining wall; that said assignment, as therein provided, was thereupon filed with the clerk of defendant city; that this assignment was, by its terms, made subject to a prior assignment by Weiss of $200 of his claim against defendant city under said contract to one Michael Handly for loans and advancements theretofore made by said Handly to Weiss to enable Weiss to pay for labor and materials furnished in the construction of the retaining wall. That on December 5, 1898, the council of defendant city audited and allowed Handly's claim of $200, and that on December 6, 1898, a warrant for $200 was issued to Handly in payment of his assigned claim; that on July 31, 1899, it was agreed by and between Weiss, the contractor, and a committee on claims appointed by the council of defendant city, that there was yet due, for the construction of the retaining wall, the sum of $301.40; that on August 7, 1899, the council audited and approved Weiss's claim for $301.40 and a warrant was issued to him for that amount. The petition further

alleges that on December 14, 1898, Weiss became further indebted to plaintiff in the sum of $50, and on December 24, 1898, he became still further indebted to plaintiff in the sum of $16, both items of indebtedness representing loans and advancements made by plaintiff to Weiss to enable Weiss to pay for labor and materials furnished in the construction of the retaining wall. That on December 14, 1898, and December 24, 1898, Weiss in consideration of the loans and advancements, gave plaintiff orders or assignments of $50 and $16, respectively, to cover the last two items of indebtedness, and that these two orders or assignments were thereupon filed with the clerk of defendant city. The petition then alleges that there was at all times sufficient money in the city's fund for unimproved streets to pay plaintiff's claims; that the city had at all times due notice of the assignments; that payment has been demanded, but that defendant city has refused and still refuses to pay the same or any part thereof.

Defendant demurred to the petition. The court overruled the demurrer and on defendant's declining to plead further rendered judgment for plaintiff in the sum of $337.15 from which judgment defendant has appealed. The question presented by the record is whether the claim of the contractor against the defendant city, not being for personal service, is assignable?

It is well-settled law that claims of the kind in issue are transferable by assignment. [McPike v. McPherson, 41 Mo. 522; Leahi v. Dugdale's Admr., 34 Mo. 99, 41 Mo. 518; State v. Heckart, 49 Mo. App. l. c. 284; see also, R. S. 1899—Contracts and Promises—ch. 10, p. 307; Paving Co. v. Prather's Admr., 58 Mo. App. 487.] There can be no good reason urged why the contract of a municipal corporation is not assignable, unless there be some statute or ordinance forbidding it. [20 Am. and Eng. Ency. of Law, p. 1156; City of St. Louis v. Clemens, 42 Mo. 69; State ex rel. v. Kent, 98 Mo. App. 281; Little v. City of Portland, 26 Oregon

235; Dickerson v. Spokane, 26 Wash. 292; James v. Newton, 142 Mass. 366.]

Defendant contends that the assignor could not lawfully split his demand against the city by assigning portions of the same to different individuals; and such is the general rule in this State. [Morrison v. de Donato, 76 Mo. App. 643; Pettit v. Ins. Co., 69 Mo. App. 320; Savings Bank v. Tracey, 141 Mo. 252.] But we think it is equally as well-settled law that if he consents to such partial assignments of his creditor's claim he waives his right to complain. [National Bank v. Noonan, 88 Mo. 372; Turner v. Lord, 92 Mo. 117; Gerhart v. Fout, 67 Mo. App. 423; Reed v. Foote, 36 Mo. App. 470.] As the petition alleges that defendant had consented to the splitting of the demand in question by recognizing and paying an assigned portion thereof to another of the assignor's creditors, defendant has waived its right to complain of the partial assignment in question. Other points raised by defendant have been examined and found to be unsupported by authority.

The petition states a good cause of action. Therefore, the action of the court in overruling defendant's demurrer is sustained and the judgment is affirmed. All concur.