GARY REALTY COMPANY v. E. F. SWINNEY, Appellant.—17 S. W. (2d) 505.

Division One, March 29, 1929.

452

*Frank M. Lowe* and *Henry L. Jost* for appellant.

*John S. Wright* for respondent; *Cooper & Neel, Dupuy G. Warrick* and *Harry C. Clark* of counsel.

FRANK, J.—This is an action on a certiorari bond. The suit was instituted in the Circuit Court of Jackson County, at Independence, on September 8, 1919, against E. F. Swinney and H. H. Tammen. Plaintiff recovered judgment against defendant Swinney, from which he appealed.

The facts giving rise to the present proceedings are as follows:

On November 1, 1915, plaintiff instituted suit against E. P. Kelly, Paul LeMarquand, A. LeMarquand, W. LeDoux, F. G. Bonfils, H. H. Tammen and Empress Theater Company, a corporation, under the forcible entry and detainer statutes for the possession of certain real estate in Kansas City. The action was brought before a justice of the peace in Jackson County, but before the day of trial the proceedings were removed to the circuit court by certiorari, on the application of defendants A. LeMarquand and W. LeDoux. The bond filed with the application for certiorari was executed by LeMarquand and LeDoux as principals and E. F. Swinney as surety, and was conditioned that they would not suffer or commit waste or damage on the premises sued for, would pay all rents and profits, damages and costs that might be adjudged against them, and otherwise abide the judgment of the circuit court. Defendant Tammen signed the bond, although his name does not appear therein either as principal or surety.

After the unlawful detainer suit reached the circuit court plaintiff dismissed the action as to defendants F. G. Bonfils, H. H. Tammen and Empress Theater Company, and the cause proceeded to trial against the remaining defendants and resulted in a judgment in favor of plaintiff for restitution of the premises, four thousand dollars damages, and rents and profits at the rate of thirteen hundred dollars per month from March 18, 1916, until restitution of said premises be made.

Defendants Kelly, A. LeMarquand and W. LeDoux applied for an appeal and tendered an appeal bond in the sum of twenty-five thousand dollars, executed by themselves as principals, and defendant E. F. Swinney as surety. The bond was approved and an appeal allowed to this court, where the judgment of the trial court was affirmed. [Gary Realty Co. v. Kelly, 278 Mo. 450, 214 S. W. 92.] Our mandate affirming the judgment was returned to the trial court and an execution was issued thereon commanding the sheriff to restore the property to respondent and collect the judgment for damages and rents and profits, amounting to $32,829.91. Tammen and Bonfils, although not parties to the judgment, but being in possession of the property as assignees of defendant Kelly, filed a motion to quash that part of the execution which authorized the sheriff to restore the property to respondent. This motion was overruled.

The judgment was not paid, and plaintiff instituted suit on the appeal bond. That cause was tried to the court, a jury being waived. The court found for the plaintiff, assessed its damages at $32,829.91 and rendered judgment for $25,000, the full penalty of the appeal bond. Defendant E. F. Swinney appealed to this court where the judgment was affirmed. [Gary Realty Co. v. Swinney, 306 Mo. 592, 269 S. W. 961.]

The amount recovered on the appeal bond not being sufficient to pay the judgment, the instant suit was brought on the $10,000 certiorari bond which was given at the time the unlawful detainer suit was removed from the justice court to the circuit court by certiorari. This suit was instituted against E. F. Swinney and H. H. Tammen, in the Circuit Court of Jackson County, at Independence. Thereafter, on the application of defendant Tammen, the venue of said cause was changed to the Kansas City division of said court, presided over by Honorable Thad B. Landon. Before the cause was reached for trial, defendant Tammen died. Defendant Swinney suggested his death, requested that the cause be revived in the name of his administrators and that said administrators be permitted to proceed as co-defendants in said action. This request was denied and the cause proceeded to trial against defendant Swinney alone and resulted in a judgment in favor of plaintiff for $10,000, the full penalty of the certiorari bond, together with six per cent interest thereon from July 18, 1919, the date on which demand was made for the payment of the bond, amounting in all to $13,606.64. Defendant appealed.

Other pertinent facts will be stated in the course of the opinion.

I.   Appellant insists that the trial court erred in refusing to make Tammen's administrators parties defendant.

The theory of this contention is that Tammen was a principal on the bond, and, as such, had a complete defense to plaintiff's alleged cause of action thereof; that he (appellant), a surety, was entitled to the benefit of the defense of his principal, Tammen, and could not make such defense without the presence of Tammen's administrators as parties defendant.

We see no merit in this contention. The bond in suit is a joint and several obligation (Sec. 2155, R. S. 1919), and being such, respondent had the right to bring suit thereon jointly against all, or as many of the persons liable as he thought proper, and, at his option, join any executor or administrator or other person liable in a representative character with others originally liable. [Sec. 1160, R. S. 1919.]

However, the statutory right of an obligee in a joint and several obligation to sue the surety alone, does not defeat the right of the

surety to have his principal joined as a defendant, if such procedure is necessary in order to place the surety in a position to show his own nonliability. In other words, if the surety on such an obligation is sued alone and his principal has a defense to the action which the surety could not make without the presence of the principal, the principal should be made a party defendant, and be permitted to make his defense; this, because the liability of the surety is contingent on the liability of the principal, and a successful defense by the principal would prevent a recovery against the surety. [Green v. Conrad, 114 Mo. 651, 21 S. W. 839; National Bank v. Maryland Casualty Co., 307 Mo. 417, 270 S. W. 691.] But this rule is not applicable in the instant case for two reasons, (1) Tammen was not a principal on the bond, and (2) if he had been such, it was not shown that he had any defense to plaintiff's cause of action.

The only evidence touching the capacity in which Tammen signed the bond is the bond itself, and the allegations in the verified motion to quash the execution issued on the judgment in the unlawful detainer action. The bond recites that it was executed by A. LeMarquand and W. LeDoux as principal, and E. F. Swinney as surety. Tammen's name is not mentioned in the bond. He did not join in the application for certiorari which necessitated the giving of the bond. In addition to these facts, in Tammen's verified motion to quash the execution, it is alleged, in substance, that he did not join in the application or affidavit or bond for certiorari, and no one in his name or in his behalf made any application or affidavit or executed any bond for him.

The capacity in which he signed the bond was a question of fact which could be shown by the bond, or by any other competent evidence. [Quackenboss v. Harbaugh, 298 Mo. 240.] The bond itself shows prima-facie that Tammen was a surety thereon. Tammen's administrators, if they had been parties defendant in this action, would not have been in a position to contend that he executed the bond as principal, in the face of his positive allegations to the contrary in the verified motion to quash the execution issued in the unlawful detainer action. Appellant also insists that the relation between him and Tammen was a matter of contract between themselves with which respondent was not concerned, and as his answer and the proffered answer of Tammen's administrators both alleged that Tammen was a principal on the bond, the court was powerless to adjudge that a different relation existed between them. This contention has no merit. The relation between these parties was a question of fact to be determined by the court, and could not be established by unsupported allegations in defendants' pleadings. This contention is ruled against appellant.

No showing was made that Tammen had any defense to this action. In this situation, his administrators were not necessary parties.

II. Appellant's claim in this regard is based on the following facts: The order and judgment of the circuit court overruling Tammen's motion to quash the execution issued in the unlawful detainer action was affirmed by the Kansas City Court of Appeals. The opinion of the Court of Appeals in that behalf was quashed by this court in a certiorari proceedings brought for that purpose, on the alleged ground that the justice court never acquired jurisdiction of the unlawful detainer action (State ex rel. Kelly v. Trimble, 297 Mo. 104).

From this it is argued that lack of jurisdiction in the justice court renders the bond sued on in this action null and void, and as respondent and Tammen were both parties to the certiorari proceedings in which the question of jurisdiction was ruled, the judgment in that proceeding is binding on respondent and can be invoked as a bar to this action on the ground of *res adjudicata.*

The opinion in the certiorari proceedings holds that, in unlawful detainer actions, service of the complaint on the defendant in the manner provided by law is a requisite of jurisdiction as to subject-matter, and cannot be waived by the voluntary appearance of defendant. It is not contended in the opinion that jurisdiction of the person of defendants in the unlawful detainer action in the justice court was not lawfully acquired, but the opinion quashes the judgment of the Court of Appeals on the sole ground that the justice court never acquired jurisdiction of the subject-matter because it was not shown that the complaint was served on the defendants.

This opinion was not concurred in by a majority of the members of the court. Two judges concurred in the opinion, two dissented and two concurred in the result. It appears from the opinion and from the motion to quash the execution, that grounds other than that of jurisdiction were urged as reasons why the execution should be quashed. This situation warrants the conclusion that the two judges concurring in the result only, did so on grounds other than the one assigned by the writer of the opinion.

For the reasons stated, this opinion is not the law of the case, and cannot be invoked as a bar to this action on the ground of *res adjudicata.* It is not supported by either reason or precedent and we decline to follow it.

Although the question of jurisdiction of the justice court in the unlawful detainer action is not ruled by the opinion of this court in the certiorari proceedings for the reasons already stated, appellant contends that respondent is estopped from so asserting be-

cause of admissions made in briefs filed in the certiorari proceedings, to the effect that the validity of the judgment in the unlawful detainer action was at issue in such proceedings, and a decision therein favorable to relators would destroy the validity of such judgment.

The statement of respondent as to what effect a given judgment in the certiorari proceedings would have, if rendered, does not estop it from thereafter contending that no such judgment was in fact rendered. No applicable authority is cited in support of this contention. It is true that parties litigant will not be allowed to assume inconsistent positions in court, but such is not the situation here. Respondent's claim in the certiorari proceedings that the validity of the unlawful detainer judgment was there at issue, is not inconsistent with its claim in this case that the opinion of the court in that proceeding did not destroy the validity of such judgment. This contention is clearly without merit and is disallowed.

III. It is next contended that the court erred in denying appellant a trial by jury.

While the cause was pending before Judge Hall, at Independence, respondent and appellant entered into and filed the following written stipulation: ''Comes now the plaintiff, Gary Realty Company, and defendant, Swinney, and hereby mutually waive the trial by jury as to all present or future issues, and for all trials of said cause in any court, and consent that the case may be tried by Honorable Willard P. Hall, Judge of the above-entitled court, or his regularly qualified successor, sitting without a jury.''

After this stipulation was filed, the case went on change of venue to the circuit court at Kansas City, presided over by Honorable Thad B. Landon. When the case was called for trial in the last-named court, defendant's request for a jury was denied on the ground that a jury had been waived by written stipulation, and the cause was tried to the court, sitting as a jury.

The statute provides that parties to an issue of fact may waive a jury by written consent, in person or by attorney, filed with the clerk. [Sec. 1400, R. S. 1919.] Appellant's contention is that the stipulation does not waive a trial by jury in any court except in one presided over by Honorable Willard P. Hall or his successor.

We do not so interpret the stipulation. It ''waives the trial by jury as to all present or future issues, and for all trials of said cause in any court.'' The added consent that the cause might be tried before Honorable Willard P. Hall or his successor, did not destroy the binding force of the stipulation waiving a trial by jury in any court. We rule this contention against appellant.

IV. The next contention is that the certiorari bond was superseded by the appeal bond.

The certiorari bond was conditioned that defendants would not commit waste on the premises and would pay all damages and rents and profits that might be adjudged against them and otherwise abide the judgment of the circuit court. The judgment of the circuit court was for $4000 damages and rents and profits at the rate of $1300 per month. This judgment was affirmed by this court. After such affirmance, the judgment was still the judgment of the circuit court. The judgment of affirmance was not an independent judgment of recovery, but a pronouncement by this court that the judgment of the circuit court was right and should remain in force. [Meyer v. Campbell, 12 Mo. 397, 401.] The certiorari bond guaranteed the payment of the judgment of the circuit court, and as such judgment, after affirmance by this court, was still the judgment of the circuit court, its payment was guaranteed by the certiorari bond. This conclusion refutes appellant's contention that the certiorari bond only guaranteed the payment of rents to the date of the rendition of the judgment in the circuit court.

The appeal bond was given to secure the payment of the same judgment. Successive appeal bonds given in the same proceedings are cumulative in the absence of an expressed intention of the parties, or statutory provision to the contrary. In this case, there is nothing on the face of either bond indicating that the parties intended that the appeal bond should supersede the certiorari bond. No applicable statute so provides.

"While a new contract made by the creditor or obligee to take the place of a former one discharges sureties on the old contract, a new bond does not take the place, necessarily, of the old one, but may be cumulative; nor does the taking of bonds in judicial proceedings discharge sureties who were liable before such bonds were given, unless the intention is clearly otherwise." [32 Cyc. 87.]

In 4 Corpus Juris, 1289, sec. 3403, the law is stated thus: "Successive appeal bonds given in the same proceedings on further appeal are cumulative, and liability on the first bond is fixed by the intermediate judgment of affirmance, which in turn is superseded by the second bond, and the final judgment of affirmance fixes the liability on both. The second bond is primarily liable, and after the second bond is exhausted, the first is liable for any remaining deficiency."

The liability on successive bonds given for the same purpose is recognized in State ex rel. v. Sappington, 67 Mo. 529; Wood, Adm'r, v. Williams, 61 Mo. 63; United States Fidelity & Guaranty Co. v.

Calvin, 7 S. W. (2d) 732. The contention that the bond in suit was superseded by the appeal bond is disallowed.

V. The next and last contention is that the court erred in allowing a recovery of interest in addition to the penalty named in the bond.

Sections 1030 to 1033, Revised Statutes 1919, upon which appellant relies, provide that when an action shall be prosecuted in any court upon any bond for the breach of any condition *other than the payment of money*, or shall be prosecuted for any penal sum for the *nonperformance of any covenent or written agreement*, the judgment, if for plaintiff, shall be for the penalty of the bond, or for the penal sum forfeited, together with costs.

In actions of the nature described in these statutes interest is not recoverable. The judgment, if for plaintiff, is limited to the penalty of the bond or the penal sum forfeited, with costs.

Is the present action of the nature described in these statutes? We think not.

The bond was given on two conditions. One that defendants would not suffer or commit waste on the premises; the other that they would pay all rents and profits, damages and costs that might be adjudged against them, and otherwise abide the judgment of the circuit court. This action is not for the breach of the condition against the commission of waste. No breach of that condition is alleged and no damages are asked on that account. The petition alleges the giving of the bond, the history of the unlawful detainer action, its culmination into a judgment in favor of plaintiff, and the nonpayment of said judgment. While the petition alleges that since the rendition of the judgment, defendants have unlawfully withheld the premises from plaintiff, by reason of which plaintiff has sustained damages, costs and loss of rents in excess of the penalty of the bond, yet, the allegation that all such damage had been merged into a judgment and that said judgment was not paid, amounts to an alleged breach of the condition for the payment of the judgment.

The condition that defendants will not suffer or commit waste on the premises is a condition other than for the payment of money. We regard the condition for the payment of the judgment to be a condition for the payment of money, and as the suit is brought for a breach of this condition, the provisions of Sections 1030 and 1033 which limit the recovery in action on bonds, for the breach of a condition other than for the payment of money, to the penalty of the bond or the penal sum forfeited, has no application. The application of these statutes is determined by the character of the breach declared upon. [Insurance Co. v. Brown, 80 Mo. App. 459.]

Respondents contend that the allowance of interest on the penalty of the bond is justified by Sections 1026 and 1029 of our statutes.

Section 1026 provides that in all actions brought upon bonds in which there is a condition or defeasance by which the same is to become void on the payment of a less sum, the plaintiff shall allege the conditions of the bond and assign as many breaches as he may think proper.

The bond described in this section is one that secures a debt less in amount than the penalty of the bond. Section 1029 provides that judgment in an action on such a bond, shall be for the sum really due, according to such condition, with interest and costs. This provision for interest means interest on the debt secured by the bond, and not interest on the penalty of the bond, and is, therefore, no authority for allowance of interest on the penalty of the bond in a case where the debt secured exceeds the penalty of the bond. The bond sued on in this action does not contain a condition or defeasance by which it shall become void on the payment of a less sum, and therefore, is not such a bond as comes with the provisions of Sections 1026 and 1029, supra. [Burnsides v. Wand, 170 Mo. 531, 545, 71 S. W. 337.]

We have found no statute, and our attention has been called to none, which, in express terms, either allows or denies a recovery of interest on the penal sum named in a bond, in an action on a bond, for the breach of a condition to pay money, where, as here, the debt secured by the bond exceeds the penalty named in the bond.

In this situation we are remitted to the general law governing the recovery of interest, which allows creditors interest for all moneys after they become due and payable, on written contracts, and on accounts after they become due and demand of payment is made. [Sec. 6491, R. S. 1919.] A bond is a contract (Eureka Sandstone Company v. Long, 11 Wash. 161), and being such, the statute allows interest on the amount due thereon after demand of payment.

This court affirmed the judgment in the unlawful detainer action in June, 1919. This affirmance definitely fixed the amount due plaintiff and the date when due. Plaintiff demanded of defendant payment of the $10,000 penalty named in the bond, on July 10, 1919. The bond obligated defendant to pay the judgment. This obligation became due on the date the judgment was affirmed. Defendant's refusal to pay after demand, entitled plaintiff to interest from the date of such demand. [Sec. 6491, R. S. 1919.] Our conclusion finds support in Insurance Co. v. Brown, 80 Mo. App. 459,

Board of Education v. Surety Co., 183 Mo. 166, 82 S. W. 70; Turner v. Lord, 92 Mo. 113, 4 S. W. 420, and Walton v. Hurst, 199 S. W. 1043, are cited by appellant in support of his contention that plaintiff is not entitled to recover interest in addition to the penalty

named in the bond. These cases hold that there can be no recovery on a penal bond *with collateral conditions,* in excess of the penalty named in the bond. The rule announced in these cases would defeat a recovery of interest in cases where the suit was for the breach of a collateral condition of a bond, although such *collateral condition* was for *the payment of money.* Sections 1030 and 1033 of our statute deny a recovery of interest only in suits upon bonds for; the breach of a condition *other than the payment of money,* or for the nonperformance of *any covenant or written agreement.*

The holding in the cited cases that there can be no recovery of interest in suits on penal bond for the breach of a collateral condition (regardless of the character of such collateral condition) is broader than our statute, and is contrary to the great weight of authority. [9 C. J. 132, sec. 244, and cases cited in note.] To the extent of such holding, these cases should be and are overruled.

By the terms of the bond sued on in this case, appellant acknowledged himself to owe and stand indebted to respondent in the sum of $10,000, upon condition that such obligation would be void if the principal in the bond paid to respondent the amount of the judgment, if any, the circuit court should render against him in the cause in which the bond was given.

Appellant obligated himself to pay respondent $10,000 in money. This obligation was to be void on condition that the principal in the bond paid the judgment. While the condition to pay the judgment was a collateral condition, it was also a condition *to pay money.* A collateral condition may be a condition to pay money, or it may be a condition to do some act other than the payment of money.

Our statute does not deny a recovery of interest in addition to the penalty of the bond, in cases where the action is brought for the breach of a condition *for the payment of money,* although such condition may be a collateral one.

After reading and carefully considering all the authorities cited by both appellant and respondent on the numerous contentions made, we have reached the conclusion that the judgment of the trial court was a righteous one, and should be affirmed. It is so ordered. All concur.