STATE of Missouri ex rel. UNITED STATES FIDELITY & GUARANTY COMPANY and Hoel-Steffen Construction Co., Relators,

v.

The Honorable Casey WALSH, Judge of the 22nd Judicial Circuit, St. Louis City Circuit Court, Division 7, Respondent.

No. 37050.

Missouri Court of Appeals,
St. Louis District,
En Banc.

July 6, 1976.

Motion for Rehearing or to Transfer
to Supreme Court Denied
Aug. 18, 1976.

Application to Transfer Denied
Sept. 13, 1976.

Donald L. James, Moser, Marsalek, Carpenter, Cleary, Jaeckel, Keaney & Brown, Patrick F. McLaughlin, St. Louis, for relators.

Kenney, Lerity & Reinert, David M. Duree, St. Louis, for respondent.

SMITH, Chief Judge.

This is an original proceeding in mandamus in which the relators, United States Fidelity and Guaranty Company and Hoel-Steffen Construction Company, seek to compel the respondent to sustain relators' motion to dismiss an action filed in the Circuit Court of the City of St. Louis by Gary & Roger L. Link, Inc. against U.S.F. & G. for the balance due for materials and labor furnished and for damages and attorneys' fees for vexatious delay under §§ 375.296, RSMo 1969 and 375.420, RSMo 1969 (Supp.1975).

We rendered our divisional opinion on December 23, 1975, in which we quashed our alternative writ. A motion for rehearing was filed by relators, which we granted, and the cause was heard before an expanded panel on April 27, 1976. After due deliberation, we now withdraw our divisional opinion and make our alternative writ heretofore issued absolute.

The essential facts are as follows: Prior to June, 1971, M & N Enterprises contracted with Dan Siegel Associates, Inc., to construct a motel in St. Louis County. Dan Siegel entered into a subcontract with Hoel-Steffen. Then, Hoel-Steffen, as principal, and U.S.F. & G., as surety, entered into a "subcontract labor and material bond" by which they bound themselves "jointly and severally" to every claimant who "has not been paid in full" for labor and materials supplied. Thereafter, Hoel-Steffen subcontracted with Link, the claimant, for the performance of certain con-

struction work on the motel. The work was completed, and Link was paid all sums except $5,411.86. Link demanded this amount from Hoel-Steffen.

Then, on September 6, 1972, Hoel-Steffen brought a mechanic's lien suit against M & N, Dan Siegel, and Siegel's surety, General Insurance Company, in St. Louis County.

On September 21, 1972, two weeks after Hoel-Steffen brought suit, Link filed an action in the City of St. Louis (the subject of this mandamus proceeding) against U.S.F. & G. *only,* seeking recovery for the balance due, $5,411.86, for labor and materials, and seeking damages for vexatious delay under the vexatious delay statute.

Five days later, on September 26, 1972, Link filed another action in St. Louis County against Hoel-Steffen, Dan Siegel and M & N (but not U.S.F. & G.), seeking a judgment for the same balance due for work and labor and seeking a mechanic's lien on the premises of M & N. This petition filed in the county alleged basically the same facts as the suit filed in the city.

The county suits filed by Hoel-Steffen and Link were then consolidated at the behest of Link. But, before trial of these consolidated suits, one Andrew Ruether, an intervenor in the county suit, "brought in" U.S.F. & G. and made a claim against it for compensation for certain modifications of the specifications for the project. In the consolidated suit, Link made no claim against U.S.F. & G. The consolidated suits were eventually tried in the county, and the court rendered judgment on December 17, 1974 (1) in favor of Hoel-Steffen against Dan Siegel and its surety, (2) in favor of Ruether against Hoel-Steffen and U.S.F. & G. and (3) in favor of Link against Hoel-Steffen, but not U.S.F. & G., in the amount of $5,411.86 plus interest—$6,273.42. In the county suit, Link made no claim against U.S.F. & G. for damages for vexatious delay or attorneys' fees under the statutes. Meanwhile, the city action against U.S.F. & G. was still pending.

After the rendition of the judgments in the county and before trial of the action in the city suit of *Link v. U.S.F. & G.,* U.S.F. & G. moved to dismiss that action, alleging

that the prayer in the action in the city and the suit Link filed against Hoel-Steffen in the county were the same except for attorneys' fees and a penalty for vexatious delay. It alleged that the case filed in the county arose out of the same operative facts, the same breach of contract concerning the same project, and that Link had recovered judgment in the county against Hoel-Steffen, and that since the issue of vexatious delay and attorneys' fees "could have been raised in St. Louis County, Link should now be estopped" to continue the action in the city, because these issues "might have been litigated" in the county. Hence, the matter is res judicata. U.S.F. & G. concluded that "by the prosecution of this [St. Louis City] lawsuit," Link is splitting its cause of action.

On April 28, 1975, a check was tendered Link by Hoel-Steffen in the amount of $6,411.43 for the amount of the judgment in the county. Link admits receiving the check, but contends it was accepted in satisfaction of its claim for labor and materials and denies that this was "offered or accepted in satisfaction of the claim" for vexatious delay and attorneys' fees. Link contends it has a right to proceed with the city suit for the balance due on the construction contract and for damages for vexatious delay and attorneys' fees, and that the amount of the judgment for labor and materials obtained in the county can be "set off" in the city action.

The respondent refused to sustain U.S.F. & G.'s motion to dismiss, and relators sought mandamus in this court. Art. V, § 4, Mo.Const. We issued our alternative writ.

Relators contend that (1) the judgment entered in the county against Hoel-Steffen, the principal, "precludes and estops" Link from maintaining the city action because the action against the surety for vexatious delay and attorneys' fees is a single claim and may not be "split" by "taking judgment against a principal only for contract damages and then subsequently attempting to maintain an action against the surety for the same breach . . . [and] the 10%

penalty and attorneys' fees"; (2) satisfaction of the judgment for labor and materials precludes the maintenance of the action for vexatious delay and attorneys' fees because payment of the debt discharges the surety from liability including liability for vexatious delay and attorneys' fees; and (3) the term "other insurance" in § 375.420 does not include a suretyship agreement.

Respondent, on the other hand, contends that this action in the city for the debt and vexatious delay was filed first, the issue of vexatious delay has never been litigated, and Link could not have raised the issue, nor was it obligated to do so, in the county suit.

▮▮▮ The precise issue, as we perceive it in this proceeding, is whether a claimant under a performance bond can proceed with its action for the balance due on a construction contract, and for damages for vexatious delay and attorneys' fees, against the surety, U.S.F. & G., only, after the claimant has obtained a judgment against the principal, Hoel-Steffen, and received satisfaction thereof, for the principal debt, but not for damages for vexatious delay. Or, stated differently, may Link proceed in the city against the surety, U.S.F. & G., for vexatious delay and attorneys' fees after it has recovered judgment against the principal, Hoel-Steffen, for the debt but not for damages for vexatious delay and attorneys' fees, although the city action was first filed?

We hold that Link is precluded from asserting its action in the city for the balance due on the construction contract and for damages for vexatious delay and attorneys' fees, since it has recovered judgment on the debt in the county against the principal and this judgment has been satisfied. We

therefore make our alternative writ heretofore issued absolute.

▮▮▮ There are certain general principles relating to this proceeding. Under the terms of the performance bond entered into between Hoel-Steffen and U.S.F. & G., U.S.F. & G. bound itself "jointly and severally" with the principal, Hoel-Steffen, to the obligee, Dan Siegel, for the use and benefit of the claimants, including Link. Under the performance bond, U.S.F. & G. was subject to an action by Link because under this suretyship agreement, the surety's obligation is original or primary, unconditional and the same as that of the principal. A contract of suretyship is not a contract of guaranty. A distinction is to be drawn between a surety, which is primarily liable to the obligee, and a guarantor, which is only secondarily liable to the obligee.[1] Since the contract was one of surety and since U.S.F. & G. bound itself "jointly and severally," U.S.F. & G. was subject to suit because of its obligation. Where the liability on a bond is joint and several, a claimant may bring suit against both the principal and the surety or against either separately. *General Insurance Co. of America v. Hercules Construction Co.*, 385 F.2d 13, 18 (8th Cir. 1967); *Gary Realty Co. v. Swinney*, 322 Mo. 450, 17 S.W.2d 505, 507 (1929); *J. R. Watkins Company v. Love*, 383 S.W.2d 149, at 153 (Mo.App.1964); 72 C.J.S. Principal & Surety § 264b, p. 712.

Second, our statutes relating to vexatious delay and attorneys' fees, §§ 375.296 and 375.420, offer a statutory remedy against an insurer which has vexatiously refused to pay a claim, and this remedy has been held applicable to commercial sureties.[2] Commercial sureties constitute insurers subject to the provisions of § 375.420. *Housing-Au-*

---

1. See discussion in 38 Am.Jur.2d, Guaranty, § 15 (p. 1011); 72 C.J.S. Principal and Surety § 87, p. 567; Cf. *Stifel Estate Co. v. Cella*, 220 Mo.App. 657, 291 S.W. 515, 518 (1927); *J. R. Watkins Company v. Love*, 383 S.W.2d 149, 153 (Mo.App.1964).

2. *State v. Chicago Bonding & Surety Co.*, 279 Mo. 535, 215 S.W. 20, 25 (1919); *Camdenton*

*Consol. Sch. Dist. No. 6 v. New York Cas. Co.*, 340 Mo. 1070, 104 S.W.2d 319, 331 (1937); *Housing Authority of City of Clinton v. Baumann*, 512 S.W.2d 436, 440 (Mo.App.1974). Relators request that we declare these decisions should "no longer be followed." We need not reach this.

*thority of the City of Clinton v. Baumann,* 512 S.W.2d 436 (Mo.App.1974).

Third, a host of Missouri decisions have regarded our vexatious delay statutes as highly penal in nature, requiring strict construction. *Fohn v. Title Ins. Corp. of St. Louis,* 529 S.W.2d 1, 5 (Mo. banc 1975); *Duckworth v. United States Fidelity & Guaranty Co.,* 452 S.W.2d 280, 287 (Mo.App. 1970); *Haase v. Business Men's Assurance Company,* 275 S.W.2d 381, 385 (Mo.App. 1955); *Hammontree v. Central Mutual Insurance Company,* 385 S.W.2d 661, 668 (Mo. App.1965) and cases cited therein.

With these general principles as guidelines, we believe that, having brought an action for the balance due on the debt against the principal, Hoel-Steffen, and having recovered judgment against it in the county and having received satisfaction thereof for the balance due, Link is precluded from proceeding with its action for the same balance due and for damages for vexatious delay against U.S.F. & G., the surety, in the City of St. Louis.

██ The obligation of the surety under the bond here is to make payment to claimants for all labor and material used in the performance of the subcontract, if the principal does not make such payment. When such payment is made, the obligation of the surety under the bond terminates. It is admitted here that Link has been fully paid for its labor and materials under the subcontract as a result of the judgment against Hoel-Steffen. Whatever may have been the status of Link's claim against U.S.F. & G. prior to that satisfaction of judgment, when that occurred no amount was due from U.S.F. & G. to Link under the bond.

██ Two statutes authorize damages for vexatious refusal to pay, i. e.: Sec. 375.296 and 375.420, RSMo 1969. Both provide that the court or jury "in addition" to the amount due under the contract (Sec. 375.296) or the loss (Sec. 375.420) may award vexatious damages and attorneys' fees. The judgment shall be for the *aggregate* sum.[3] (Sec. 375.420). Upon satisfaction of the judgment, no amount was due under the contract and there was no loss. There is therefore nothing which vexatious damages and attorneys' fees can be made an "addition to."[4] Satisfaction of the judgment against Hoel-Steffen did not simply create a "set-off"; it eliminated the debt or loss to which vexatious damages must be appended.[5] Our statutes authorizing damages for vexatious delay and attorneys' fees are highly penal and must be strictly construed. If Link were permitted to proceed with that part of the action seeking damages for vexatious delay and attorneys'

---

**3.** *Jones v. Prudential Insurance Co. of America,* 173 Mo.App. 1, 155 S.W. 1106, 1110 (1913), construed this phrase and concluded that "aggregate sum" "presupposes an award by the jury in parts, as so much on the policy and so much on account of the other grounds therein mentioned."

**4.** *Smith v. Piper,* 423 S.W.2d 22, 27 (Mo.App. 1967) ["an award of actual damages is a necessary foundation for punitive damages"]; *Landum v. Livingston,* 394 S.W.2d 573, 578 (Mo. App.1965) [noting that *Jones v. Prudential Ins. Co. of America,* 173 Mo.App. 1, 155 S.W. 1106, 1110 (1913) held that the statutory damages for vexatious refusal to pay were not in fact a "penalty" but were "punitive damages"; punitive damages, the court noted, cannot constitute an independent cause of action, but may only be an incident of another cause of action.]

**5.** *Parkell v. Fitzporter,* 301 Mo. 217, 256 S.W. 239, 242 (banc 1923) ["There can be but one satisfaction exacted for the same demand."]; *Johnson v. Conrades,* 232 S.W. 680, 681 (Mo. banc 1921) ["when a person has a cause of action against two or more parties, he may bring a separate suit against each of them (except on joint obligations) and recover judgment against each, but he can have but one satisfaction, and the payment and satisfaction of any one of the cause of action or judgment rendered thereon satisfies and discharges all the others."]; *Schuchman v. Roberts,* 234 Mo.App. 509, 133 S.W.2d 1030, 1035 (1939) ["It is uniformly held that the payment of a judgment by a party primarily liable to pay same extinguishes the judgment."]; *Household Finance Corporation v. Avery,* 476 S.W.2d 165, 167–168 (Mo. App.1972) ["it is ordinarily true that when a valid and final personal judgment in an action for the recovery of money is rendered in favor of a plaintiff, plaintiff's cause of action is merged in the judgment and is extinguished, and further, the voluntary payment of a money judgment by those primarily liable for the debt satisfies and extinguishes the judgment."]

fees, and judgment were rendered for that amount, the express wording of the statute would be violated.[6] If Link were permitted to maintain its action in the city for the debt and damages for vexatious delay and the relators allowed a set off, it would be recovering an amount for labor and materials which has already been satisfied.

We have examined the whole of the record, the briefs of the parties and the authorities relied upon, and are convinced that our alternative writ heretofore issued should be made absolute.

The preliminary writ is made absolute.

DOWD, WEIER, CLEMENS and GUNN, JJ., concur.

SIMEONE, J., concurs in separate concurring opinion.

McMILLIAN, J., concurs in results only.

SIMEONE, Judge (concurring).

I concur in the opinion of Smith, C. J., but add a few comments. At the time of rendering our divisional opinion, which we withdraw this date, I believed that Link could have asserted its claim against Hoel-Steffen in the county and, in a separate proceeding, assert its claim for alleged vexatious delay against U.S.F. & G. in the city, under §§ 375.420 and 375.296 RSMo. But after rebriefing and reargument I believe that this cannot be done. Our vexatious delay statutes are highly penal in nature and must be strictly construed. If Link were permitted to proceed with its city action the express language of these statutes would be violated. Furthermore, if Link were permitted to proceed with its city action on the debt and vexatious delay, after obtaining judgment on the debt in the county, the best interests of orderly judicial procedure would not be served and we would, in my opinion, violate the principles against "splitting" a cause of action.

I, therefore, concur.

6. *Cf. Bucholz v. Metropolitan Life Ins. Co.,* 176 Mo.App. 464, 158 S.W. 451, 452 (1913) ["There is no word in the statute suggesting that such recovery is to be taxed as costs in the case, but rather it inheres in the cause of action *in addition to* the principal sum recoverable  . . ." (emphasis supplied).]