**David VICTOR, et al.,
Plaintiffs/Respondents,**

**v.**

**The MANHATTAN LIFE INSURANCE
COMPANY, Defendant/Appellant.**

**No. 55440.**

Missouri Court of Appeals,
Eastern District,
Division Two.

May 9, 1989.

Motion for Rehearing and/or Transfer to
Supreme Court Denied June 21, 1989.

Application to Transfer Denied
Aug. 1, 1989.

Peper, Martin, Jensen, Maichel and Hetlage, Joanne D. Martin, St. Louis, for defendant-appellant.

Alan J. Agathen, St. Louis, for plaintiffs-respondents.

KAROHL, Judge.

This action involves a suit by plaintiffs, David Victor, Betty Victor, Richard Victor and Deborah Victor, in their capacity as named beneficiaries of Morris Victor in a group life insurance policy issued by defendant Manhattan Life Insurance Company. Morris Victor died on September 23, 1981. Plaintiffs filed a claim for benefits in September, 1983, and promptly received the face amount of the policy. They ultimately sued for loss of use of proceeds occasioned by an eighteen month delay in payment, interest thereon and vexatious delay damages under § 375.420 RSMo 1978. The policy was procured from Manhattan Life by Thrifty Drug Company, Inc., an Illinois corporation, on behalf of Morris Victor, a retired officer of Thrifty, and other employees. On September 4, 1985, plaintiffs amended a lawsuit filed in 1982 against Joseph Victor, a relative of plaintiffs and the personal representative of Morris' estate, to add three counts against Manhattan Life Insurance Company in order to obtain loss of use damages under the policy. These counts, V–VII, were dismissed on February 3, 1986, when plaintiffs added Count VIII which prayed for "maximum statutory interest on said ninety-five thousand dollars ($95,000.00) proceeds during the aforesaid period [March, 1982, to September, 1983] of Manhattan Life's refusal to pay; for the maximum penalty on such loss as provided in § 375.420 RSMo; for reasonable attorneys' fees as provided therein; and for costs and damages and such other relief as this court may deem meet and proper." Plaintiffs replaced

claims based on breach of fiduciary duty, breach of contract and negligence with a claim under § 375.420.

The parties agreed to waive a trial by jury and to submit the cause on the record, "to consist of pleadings, documents produced by either party, interrogatory answers and trial briefs." Manhattan Life appeals after the trial court entered judgment for plaintiff-beneficiaries as follows:

"1. Damages, loss of proceeds from March 1982 to September 1983:
($95,000 × .09 × 18/12)     $12,825.00

2. Pre-judgment interest on damages from September 1983 to July 1988:
($12,825 × .09 × 58/12)       5,578.87

3. Penalty:
(10% of $12,825 after first $1,500, 20% of first $1,500)       1,432.50

4. Attorney's fees:
(33-⅓% of total of 1, 2 and 3 above)       6,612.12

TOTAL:       $26,448.49"

The following facts are derived from a stipulation of the parties:

1). Plaintiffs are the named beneficiaries on defendant Manhattan Life's policy insuring Morris Victor.

2). Morris Victor died on September 23, 1981.

3). Joseph Victor, nephew of Morris Victor, was, from the time of Morris Victor's death until at least September 1983, the president of Thrifty Drug Company. Joseph Victor was also named the executor of Morris Victor's will.

4). On July 8, 1982, plaintiffs filed the original petition in this case to contest the will of Morris Victor.

5). At the time of the death of Morris Victor at least one of the plaintiffs lived at an address indicated on the designation of beneficiary card completed by Morris Victor and returned to Manhattan Life.

6). On March 8, 1982, Manhattan Life received from Joseph Victor claimant's [individually and/or as executor] statements, proof of death of Morris Victor and letters testamentary appointing him as personal representative of the estate of Morris Victor.

7). On March 11, 1982, Manhattan Life told Ranni, its local general agent, that plaintiffs were the beneficiaries of the policy, that Joseph Victor would need to withdraw his claim as executor and that plaintiff beneficiary should complete an enclosed claim statement.

8) Manhattan Life's next act occurred on May 10, 1983. It then informed Thrifty Drug Company that plaintiffs were beneficiaries of the policy and that enclosed claim statements should be completed by them. It also requested Joseph Victor to withdraw his claim.

9). On August 4, 1983, Manhattan again requested a reply from Thrifty Drug Company.

10). On August 30, 1983, Joseph Victor withdrew his claim and plaintiffs submitted their claim to the proceeds of the policy.

11). Manhattan Life received plaintiffs' claim and the withdrawal of Joseph Victor's claim on September 6–7, 1983.

12). On September 13, 1983, Manhattan Life forwarded to plaintiffs payment of the face amount of the policy, $95,000. The check was subsequently signed by plaintiffs and plaintiffs' attorney. [The check contains no restrictive endorsements.]

The group life insurance policy was an exhibit incorporated in the stipulated facts. Resolution of the appeal issues largely depends on the provisions of Section 8, the insuring clause. It reads, "[u]pon receipt by the Insurance Company of *due proof in writing* that an Individual insured hereunder *shall have died*, the Insurance Company shall pay, subject to the terms hereof, to the Beneficiary of record of such Individual, the amount of life insurance, if any, enforce hereunder on account of any such Individual in accordance with Section 7, at the date of death." (Our emphasis).

The parties do not dispute the face amount of the coverage, or, plaintiffs' status as beneficiaries. The provision in the insuring clause, "subject to the terms hereof" is not relied on as a defense. The

policy contains no provision defining or detailing elements of "proof of loss." Particularly, there is no provision in the policy that requires the named beneficiaries, or any of them, to personally perform any function, including notification that the insured died, in order to obtain the proceeds of the policy. All that is required, per Section 8, is the above emphasized written proof that the insured has died. Joseph Victor filed such proof of death with Manhattan Life in March, 1982. At that time Manhattan Life had in its own records the names of all beneficiaries and the address of at least one of them.

One additional fact, not directly included in the stipulation of facts, but agreed to by the parties, is relevant to one of the issues on appeal. During the pendency of this lawsuit which included plaintiffs' claims against Joseph Victor, pleaded in Counts I–IV, and the claim against Manhattan Life, Count VIII, plaintiffs reached a settlement with Joseph Victor. Subsequently, Manhattan Life filed an amendment to its answer and asserted an additional defense based upon the settlement, alleging plaintiffs settled claims in their action against Joseph Victor and thereby recovered the same damages asserted in Count VIII against Manhattan Life, loss of use of the face amount of the policy from the date of proof of death to date of payment. Manhattan Life attached to its amended answer and incorporated therein by reference the settlement agreement wherein all plaintiffs settled their claims against Joseph Victor arising out of the death of Morris Victor in consideration of the payment of $55,000.

At the time of the settlement the court file reflects plaintiffs asserted a claim in Count I for contest of the will of Morris Victor. In Counts II–IV they claimed from Joseph Victor compensation for *denial of the use and benefit of said proceeds from shortly after Morris Victor's death until September 10, 1983.* Count II alleged intentional refusal to produce the policy. Count III requested the same damages on the theory that Joseph Victor's failure to timely disclose was an interference with plaintiffs contractual rights, as beneficiaries. Count IV alleged Joseph Victor

held the policy information as a trustee and breached a fiduciary duty owed plaintiffs by refusing to turn over the policy or provide plaintiffs with necessary information until August 26, 1983. In all three Counts plaintiffs sought to obtain damages for delay resulting in loss of use of the proceeds of the policy. No reply was filed to the amended answer of Manhattan Life setting forth the settlement.

Relevant provisions of the settlement agreement include:

1). It expressly settled all claims arising out of the death of Morris Victor;

2). It expressly settled "the will contest and other causes of action set forth in the pleadings";

3). "All rights against Manhattan Insurance Company and William Ranni, Associates, Inc. in the said lawsuit [were] specifically reserved to [plaintiffs] pursuant to the provisions of Sect. 537.060 R.S.Mo (1978)";

4). Plaintiffs agreed to indemnify "releasee or any related entity" on any negligence or fault that may be found against Joseph Victor "for the action and events mentioned in the aforementioned cause number 457916 or any other event arising out of the death of Morris Victor." [the reference is to the trial court cause number of the suit against Joseph Victor and Manhattan Life, the present case].

We find that the settlement, attached to the amended answer of Manhattan Life and not denied by reply, was a part of the record which the parties agreed the trial court could consider as evidence.

■ We first dispose of defendant's claim that nothing it did or failed to do was vexatious. According to the terms of its own policy Manhattan Life required only a proof of death to create an obligation to pay to the named beneficiaries the face amount of the policy. It received proof of death of Morris Victor in March, 1982. At that time it had in its own records the names of the beneficiaries and a means to directly contact them for the purpose of payment. However, payment was not

made until September, 1983. The narrow question is whether the eighteen month delay in payment of life insurance proceeds was, as a matter of fact, vexatious delay.

Although Joseph Victor filed a claim for benefits this competing claim was not, as a matter of fact, sufficient to overcome the legal duty under the insurance contract to make payment. "The existence of a litigable issue, either factual or legal, does not preclude a vexatious penalty where there is evidence the insurer's attitude was vexatious and recalcitrant." *DeWitt v. American Family Mutual Insurance Co.*, 667 S.W.2d 700, 710 (Mo. banc 1984). *De-Witt* also says direct and specific evidence to show vexatious refusal is not required. *Id.* It instructs that the issue of vexatious is a factual matter and the fact finder "may find vexatious delay upon a general survey and a consideration of the whole testimony and all the facts and circumstances in connection with the case." *Id.* In the present case Manhattan Life's reliance on the competing claim of Joseph Victor and on its instructions given to its general agent to obtain a claim filed by plaintiffs as beneficiaries and the withdrawal of Joseph Victor's claim, was found by the trial court to be insufficient to avoid a finding of vexatious delay. We find no error in that finding of fact.

*DeWitt* considered the same point of law but in the context of a claim for fire insurance benefits. What the court said in *De-Witt* is equally applicable to a § 375.420 RSMo 1978 claim under a life insurance policy. Plaintiffs' evidence was sufficient to support a finding that Manhattan Life's failure to timely process payment was willful and without reasonable cause. In *Handly v. Lyons*, 475 S.W.2d 451 (Mo.App. 1971) the court considered a vexatious delay penalty claim in addition to life insurance benefits. The court noted that the insurance company "had received all information it had sought concerning the policy ... more than six weeks before paying the policy benefits to Maxwell Lyons, the executor." *Id.* at 461. The trial court there found that during the entire six week period the company "did absolutely nothing to determine the circumstances of the document's disposition and whereabouts, except to inquire of the executor if there was a carbon copy in the deceased's personal effects." *Id.* The court then concluded:

Metropolitan's failure to contact and communicate with, and seek information from plaintiffs is significant in the instant question, as is Metropolitan's failure to follow an alternative procedure such as interpleader, which would have relieved it of responsibility to plaintiffs. *Id.*

Manhattan Life Insurance Company's actions in the present case were similar to those of Metropolitan in the *Handly* case. *Handly* affirmed a finding that failure to promptly process and pay life insurance benefits was vexatious. We find, as *Handly* found, that the evidence was sufficient to support a finding of vexatious delay.

Even if the facts support a finding of vexatious delay, for two related reasons Manhattan Life claims it was entitled to judgment and is now entitled to a reversal. Both are matters of law. First, Manhattan claims that plaintiffs have no claim under § 375.420 RSMo 1978 because they were paid the face amount of the policy in September 1983, and filed suit on that section in Count VIII on March 5, 1986. It argues that payment and receipt of the face amount of the policy removed any possibility that plaintiffs had a "loss," as that word is used in § 375.420, and in the absence of a loss no interest or penalty damages are authorized. Second, in the event the statute does apply, by accepting payment plaintiffs either waived any further claim under the policy, or their claim is barred by the doctrine of payment.

We find plaintiffs have a claim under § 375.420 RSMo 1978. At trial Manhattan Life filed a Motion to Dismiss Counts V–VII presented in plaintiffs' third amended petition. These Counts attempted to allege causes of action for damages measured by months of loss of use of the policy proceeds. Manhattan Life adopted the position that § 375.420 RSMo 1978 preempted first party claims of a beneficiary against a life insurance company. There is authority

for this view. *Halford v. American Preferred Insurance*, 698 S.W.2d 40 (Mo.App.1985); *Duncan v. Andrew County Mutual Insurance Company*, 665 S.W.2d 13 (Mo.App.1983). In response to Manhattan's Motion to Dismiss, plaintiffs filed a fourth amended petition replacing Counts V–VII with Count VIII which seeks recovery under § 375.420. In this court Manhattan takes a different tack. It now contends plaintiffs had no § 375.420 claim, when filed. At trial it argued that statute was plaintiffs' exclusive remedy. The statute relates to any action against an insurance company to recover any "loss under a policy" of life insurance, "if it appears from the evidence that such company has refused to pay such loss without reasonable cause or excuse." Such acts are vexatious. If so found, a plaintiff is entitled "in addition to the amount thereof [loss] and interest" to a further award in the nature of a penalty, as defined in the section, together with attorney's fees.

■ Manhattan argues, under the statute and as a matter of logic, when Count VIII was filed in 1986, there was no unpaid loss under the provisions of the policy because of the 1983 payment of the face amount of the policy. We conclude that if the failure to promptly pay under the insurance contract was vexatious because Manhattan Life failed to promptly process and pay to the known beneficiaries, then the "loss of use" of the *agreed proceeds* until payment, eighteen months later, constitutes a "loss under a policy of life insurance." Such loss is sufficient for plaintiffs to invoke the only remedy available after enactment of § 375.420 RSMo 1978. An opposite interpretation would be contrary to the obvious purpose of the statute, which is to impose a penalty in addition to restoring policy loss, formerly recoverable by common law actions. The statute was not designed to create a defense not formerly available to life insurance companies. In the present case the award of loss by the trial court was measured by the legal rate of interest for the period of delay. The penalty provisions of the statute are in addition to the loss of use damages. Here a loss, measured in terms of delay, survived delayed payment of only the face value. On these facts the term "in addition to" does not operate as a defense, as a matter of law, to the statutory claim.

■ We held in *State ex rel. United States Fidelity & Guaranty Company v. Walsh*, 540 S.W.2d 137 (Mo.App.1976) a judgment under § 375.420 RSMo 1969, must be for an aggregate sum of a balance due on the insurance contract and penalties. *Id.* at 141. In *Walsh* the claimant had recovered a judgment in a separate suit for his entire claim *with interest* against a construction contractor. Claimant was paid and satisfied the judgment. We prohibited a judge from proceeding in a separate suit where the suit involved only a claim for statutory penalty and attorney's fees against a surety. The satisfaction of judgment "eliminated the debt or loss to which vexatious damages must be appended." *Id.* Here the face amount of the policy was paid but an obligation for policy damages remained. Penalty damages are authorized only if appended to "loss and interest." However, a penalty is allowable only as a percentage of the loss. *Gosnell v. Camden Fire Insurance Ass'n of Camden, N.J.*, 109 S.W.2d 59, 72 (Mo.App.1937). The judgment here on appeal awarded penalties together with a judgment for the damages. There was no independent judgment for the loss with interest and no satisfaction of such judgment. In the present case the payment of face value after vexatious delay was only a partial payment of Manhattan's debt, not full payment. The partial payment did not eliminate the debt. Here the court could have entered a judgment for an unpaid balance under the policy without only penalty award or attorney's fees. That was not possible in *Walsh*.

Our result is not in conflict with the holding in *Kyle v. Fidelity & Casualty Company of New York*, 244 S.W.2d 418 (Mo.App.1951). The court there held § 6040 RSMo 1939, now § 375.420, did not authorize a penalty calculated on an award of interest. *Id.* at 421–422. Here the $12,825 award was damages for breach of an

obligation to pay, measured in terms of interest.

In *Gosnell v. Camden Fire Insurance Ass'n of Camden, N.J.,* 109 S.W.2d 59 (Mo. App.1937), the jury found the value of an insured stolen vehicle to be, as prayed, $1,092.50. The court found the jury was properly instructed that it could award interest on that amount. However, it was improperly instructed, under the statute, because the court also instructed the jury it could award a vexatious delay penalty as a percentage of the interest. *Gosnell* at 72. *Gosnell* did not decide the issue before us, whether vexatious late payment which is only a partial payment of the obligation under the policy, eliminated the loss. It merely withdrew that part of the judgment for a penalty based on interest properly found, $7.85.

■ Nor do we find plaintiffs' acceptance of the face amount of the policy in September 1983, constitutes either a waiver or payment in full. The facts support a finding plaintiffs received payment of the face amount of the policy before they learned Joseph Victor had filed a proof of death of Morris Victor in March 1982, and they were entitled to payment eighteen months earlier. Accordingly, when they accepted payment they were not informed that they might be entitled to damages based upon the payment provisions of the policy and a previous filing of notice of death. Under these circumstances no waiver occurred. Acceptance of the face amount of the policy, was payment by Manhattan Life of less than the sum owed. Such payment was not consideration for an accord and satisfaction or the defense of payment in full.

■ Manhattan Life also argues plaintiffs settled their claims against Joseph Victor; they thereby recovered from Joseph Victor exactly the same damages for which the trial court granted plaintiffs' judgment against Manhattan Life; but, plaintiffs are entitled to only one satisfaction of the loss of use damages, hence, the court erred in allowing plaintiffs to twice recover the same claim. This argument has merit. On April 21, 1986, plaintiffs

settled with Joseph Victor their "claims" against Joseph Victor. At that time they settled Count I, a contest of the will of Morris Victor, and Counts III–V premised on common law claims which resulted from the actions of Joseph Victor in filing a proof of death with Manhattan Life and requesting payment as beneficiary and, at the same time, not notifying plaintiffs of their rights as beneficiaries under the policy. According to plaintiffs' settlement agreement it is clear that Joseph Victor settled with plaintiffs in April 1986, for their loss of use of the proceeds of the life insurance policy from March 1982, until payment in September 1983. Joseph Victor paid plaintiffs $55,000 in April 1986, to settle the will contest and the loss of use claims. The settlement agreement did not assign a separate value to those claims.

The court justified awarding plaintiffs judgment for the same damages against Manhattan Life as follows:

Defendant is not entitled to a set-off against any judgment rendered against it herein on the basis of a settlement previously reached between Plaintiffs and Joseph Victor. This court has found, *supra*, that the policy proceeds were due and owing to Plaintiffs in March 1982; nothing Joseph Victor subsequently did or did not do altered that legal liability. (In addition, Joseph Victor and Defendant were not liable in tort for the same injury as is required under § 537.060, R.S.Mo.)

The difficulty with the finding of the court lies in the observation, "nothing Joseph Victor subsequently did or did not do altered that legal liability." If we construe the word liability to mean obligation to pay, the statement is correct. However, that is not responsive to the defense which correctly claims plaintiffs can only have one satisfaction for the same demand. *See, State ex rel. United States Fidelity & Guaranty v. Walsh,* 540 S.W.2d 137 at 141. In the sense of credit, something Joseph Victor did after March 1982, has, as a matter of law, altered plaintiffs' right to recover judgment for loss of use damages on late payment of the policy proceeds. What

Joseph Victor did was repay plaintiffs, by payment under a settlement, the same and only "loss" plaintiffs now claim under § 375.420. Plaintiffs are not entitled to recover a loss from Joseph Victor and also recover the same loss under the statutory claim against Manhattan Life. This appeal does not involve any claims for contribution between Joseph Victor and Manhattan Life. Accordingly, the provisions of § 537.060 RSMo 1986, relating to tort-feasor contribution, are not relevant to Manhattan Life's defense. The defense is based upon Manhattan Life's affirmative defense that plaintiffs have been paid the "loss" they claim. Plaintiffs' loss was the direct result of acts of Joseph Victor which led to the statutory liability of Manhattan Life.

Accordingly, the trial court properly determined the amount of loss to be $12,825 but erred in granting judgment against Manhattan Life for this amount as it was previously recovered in the settlement. The judgment must be reversed, in part, to withdraw from the judgment a claim previously satisfied, after suit but before judgment.

■ Plaintiffs' respond that the settlement with Joseph Victor involved both the will contest and the loss of use claims and Manhattan Life has not proven plaintiffs' claim has been satisfied. However, the judgment in the present case determined plaintiffs' loss of use damages to be $12,825. Plaintiffs did not appeal and do not contest the amount or manner of calculation of that sum. The settlement expressly settled the loss of use claims. This sum is much less than the total settlement of $55,000. The record is devoid of any evidence that the $55,000 settlement paid less than all of the "loss of use" damages. The documentary evidence, especially the settlement agreement, requires a finding that the settlement, in excess of the loss of use damages, fully compensated plaintiffs for such damages. Plaintiffs are not entitled again to recover by judgment against Manhattan Life $12,825 as "loss of use" damages.

■ The prejudgment interest must be recalculated from September 1983, to April 21, 1986, (the recovery date) not to the date of judgment in July 1988. By using the legal rate of interest of nine percent the proper amount is $2,981.81. It is not clear from the settlement of the claims against Joseph Victor that pre-judgment interest was included in the settlement. Further, § 375.420 expressly creates a statutory right to prejudgment interest. In the absence of any evidence presettlement interest was paid in the settlement, Manhattan Life is not entitled to a finding such interest is improper as a double recovery.

The penalty awards must be recalculated. The attorney's fees, were found by the court to be one-third of the damages, plus prejudgment interest, plus penalty. By applying the formula adopted by the trial court and the percentage used we find the attorney's fees authorized by statute to be $5,746.44. The award of $1,432.50, under the penalty provisions as set forth in § 375.420, remains unchanged because it was calculated only on the loss of use figure as determined by the trial court, $12,825.

Summarizing the above, the judgment of the trial court is affirmed in part and reversed in part so as to be as follows:

1. Damages, late payment of proceeds from March 1982 to September 1983:
   ($95,000 × .09 × 18/12)     $12,825.00

2. Pre-judgment interest on damages from September 1983 to April 21, 1986:
   ($12,825 × .09 × 31)     2,981.81

3. Penalty:
   (10% of $12,825 after first $1,500, 20% of first $1,500)     1,432.50

4. Attorney's fees:
   (33-⅓% of total of 1, 2 and 3 above)     5,746.44

   TOTAL:     $22,985.75

   Less the same damages previously recovered by plaintiffs by settlement with another     12,825.00

   Judgment for plaintiffs     $10,160.75

We affirm the judgment in part and reverse in part. We remand for entry of judgment in accord with this opinion.

GRIMM, P.J., concurs in result.

GARY M. GAERTNER, J., concurs.